[ORIGINAL]

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 MAR 22 PM 1: 46

[signature]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KENNETH CLARK PRUITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 105-012 |
| | ) |
| RICHARD ROUNDTREE, RONALD | ) |
| ROUNDTREE, CHARLES WEIGLE, and | ) |
| AUGUSTA/RICHMOND COUNTY, | ) |
| | ) |
| Defendants. | ) |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate confined at Smith State Prison in Glennville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's § 1983 complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Accordingly, on April 25, 2005, the Court screened Plaintiff's complaint and recommended that the case be dismissed for failure to state a claim. (Doc. no. 7). Upon submission of Plaintiff's objections to that recommendation, the Court vacated its April 25th Report and Recommendation and directed Plaintiff to submit an amended complaint. It is

this amended complaint (doc. no. 11) that is now before the Court for screening.

## I. BACKGROUND

According to Plaintiff's amended complaint, Defendant Richard Roundtree, an Investigator with the Augusta/Richmond County Sheriff's Department, knowingly offered materially false information about a witness statement in an affidavit used to obtain an arrest warrant for Plaintiff. Upon providing the allegedly false statement, a warrant bearing Defendant Sheriff Ronald Strength's "pre-stamped" name was issued for Plaintiff's arrest. According to Plaintiff, because the warrant that Investigator Roundtree obtained bears Sheriff Strength's name, the Sheriff promotes and condones the uses of materially false statements to initiate arrests.

Plaintiff goes on to allege that Investigator Roundtree made additional, unidentified false statements at a preliminary hearing in which Charles Weigle, an Assistant District Attorney ("ADA"), represented the State of Georgia. According to Plaintiff, ADA Weigle utilized Investigator Roundtree's false statements at the preliminary hearing even though he was in possession of statements from three other witnesses that "were in direct conflict with the materially false statement elicited by Weigle and given by Roundtree." (Doc. no. 11, Attach., p. 2). Thus, concludes Plaintiff, ADA Weigle and Investigator Roundtree engaged in a conspiracy at the preliminary hearing to violate his constitutional rights.

Finally, Plaintiff alleges in conclusory fashion that the municipality of Augusta/Richmond County has engaged in unethical hiring and promotion practices, as well as failed to train and supervise employees like Sheriff Strength, Investigator Roundtree, and ADA Weigle. Plaintiff goes on to allege that the municipality, along with the other three

2

named defendants, have engaged in a conspiracy with the State of Georgia to "subject citizens to arbitrary, unconstitutional seizures of their persons, retaliation for exercising their rights, racial discrimination and denial of equal protection." (Id.).

Plaintiff seeks unspecified declaratory relief, punitive damages, compensatory damages, injunctive relief "in the form of preventing reoccurance [sic] by Defendants," and costs and fees for bringing this action.

## II. DISCUSSION

### A. Conspiracy Theory

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a valid conspiracy claim against any Defendant. That is, a conspiracy claim supported only by conclusory, vague, and general allegations may be dismissed. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory... It is not enough to simply aver in the complaint that a conspiracy existed."). To prove conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. See Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on how an agreement between any persons, let alone between persons and the municipality of

3

Augusta/Richmond County or the State of Georgia, may have been reached to violate Plaintiff's rights. At best, he alleges that certain persons or entities failed to correct alleged wrongs during the process leading up to his arrest and eventual trial. However, even a series of alleged errors, absent a meeting of the minds, is not a sufficient allegation of conspiracy. Accordingly, Plaintiff has failed to state a viable conspiracy claim.

### B. Sheriff Ronald Strength

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against Sheriff Strength do not state a claim upon which relief can be granted. As noted above, Plaintiff has not stated a viable conspiracy claim, and Plaintiff's remaining claim is that an arrest warrant bearing the Sheriff's "pre-stamped" name was issued based on the alleged use of materially false statements by Investigator Roundtree. Thus, goes the argument, the Sheriff condoned the improper procedures allegedly used to obtain an arrest warrant

In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667,

4

671 (11th Cir. 1990)). Plaintiff has not alleged that Sheriff Strength was personally involved in securing the warrant that issued on a form bearing his "pre-stamped" name.

Similarly, Plaintiff fails to allege a "causal connection" between Sheriff Strength and the constitutional violation alleged by Plaintiff concerning his arrest. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not alleged the necessary causal connection with respect to Sheriff Strength. That the Sheriff's name appears on forms that individual officers use for arrest warrants is not a sufficient connection to the alleged use of materially false statements in the application for such a warrant. Nor does Plaintiff allege that Sheriff Strength knew about a widespread problem of using false

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

5

statements to obtain a warrant, let alone that he did nothing to curb any such abuses. Therefore, Sheriff Strength should be dismissed from this case.

C.  **ADA Charles Weigle**

<u>Liberally</u> construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against ADA Weigle also fail to state a claim upon which relief can be granted. As noted above, Plaintiff has not stated a viable conspiracy claim. Moreover, "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004); see also Guerrero v. Barlow, 494 F.2d 1190, 1191 (5th Cir. 1974) (*per curiam*) ("It is well settled that prosecuting attorneys, as 'quasi-judicial officers', are immune from suit under section 1983 for actions taken in performance of their official role."). Here, there is no question that ADA Weigle was acting as an advocate for the government at Plaintiff's preliminary hearing.[2] Thus, an allegation that ADA Weigle used Investigator Roundtree's "materially false statements" at a preliminary hearing, even though he knew that there were conflicting statements from three other witnesses, fails to state a claim for relief against ADA Weigle.

---

[2] Additionally, although Plaintiff may not agree with ADA Weigle's choice of evidence at the hearing, the mere existence of conflicting evidence at the preliminary stages of a case, particularly when Plaintiff, as the criminal defendant would have had the opportunity to challenge such evidence, hardly suffices for a valid allegation of misconduct.

6

### D. Augusta/Richmond County

Finally, Plaintiff makes the conclusory allegation that the municipality of Augusta/Richmond County has "actively engaged" in hiring, promoting, and training practices that allegedly resulted in improper procedures being used to arrest Plaintiff.[3] However, liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against the municipality do not state a claim upon which relief can be granted.

A municipality may not be held liable for the actions of its employees under § 1983 solely on the basis of *respondeat superior*. Monell, 436 U.S. at 691. "Rather, only deprivations undertaken pursuant to governmental custom or policy may lead to the imposition of governmental liability." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307

---

[3]Plaintiff also alleges that this Defendant engaged in a conspiracy to "subject citizens to arbitrary, unconstitutional seizures of their persons, retaliation for exercising their rights, racial discrimination and denial of equal protection." (Doc. no. 11, Attach., p. 2). However, as discussed in detail above, Plaintiff's vague allegations fail to state a valid conspiracy claim. Moreover, to state a valid equal protection claim, Plaintiff must allege that similarly situated persons were treated differently from him. See Arrington v. Dickerson, 915 F. Supp. 1503, 1510 (M.D. Ala. 1995) (failure to allege existence of similarly situated person subjects equal protection claim to Fed. R. Civ. P. 12(b)(6) dismissal); see also City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (requiring plaintiff to show that he was treated differently than similarly situated individuals to succeed on equal protection claim). Here, Plaintiff does not allege that others similarly situated to him were treated differently. To the contrary, he suggests that others who were similarly situated to him (in some unspecified way) also fell victim - in the same way that he did - to the use of unconstitutional procedures to secure an arrest.

7

(11th Cir. 2001) (citation omitted). Liability may also be imposed on a municipality based on a custom that may be viewed as "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law"; failing to correct actions of employees that amount to constitutional violations can also be considered a custom or policy if "the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." Id. at 1308 (internal citations omitted); see also Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003) (*per curiam*) (requiring culpability and direct causal link between municipal action and violation of federal rights to impose municipal liability).

Here, Plaintiff's conclusory allegations that Augusta/Richmond County has engaged in improper actions - in some unspecified way - that resulted in an alleged violation of Plaintiff's constitutional rights is simply not sufficient to state a claim for municipal liability. Nor is the blanket allegation of a failure to train and supervise sufficient when there is no explanation as to who failed to train or supervise whom, let alone that there was a custom or policy not to conduct proper training or supervision. Accordingly, the complaint fails to state a claim for relief against Augusta/Richmond County.

### III. CONCLUSION

In sum, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Ronald Strength, Charles Weigle, and Augusta/Richmond County, along with all of

Plaintiff's purported conspiracy claims, be **DISMISSED** from this case.[4]

SO REPORTED and RECOMMENDED this 28th day of June, 2005, at Augusta, Georgia.

                                             _W. Leon Barfield_
                                             W. LEON BARFIELD
                                             UNITED STATES MAGISTRATE JUDGE

---

[4]By separate Order, the Court has directed that service of process be effected on Investigator Roundtree based on Plaintiff's Fourth Amendment allegations.

# United States District Court
## Southern District of Georgia

KENNETH CLARK PRUITT )

vs ) CASE NUMBER CV105-12

RICHARD ROUNTREE, et al. ) DIVISION AUGUSTA

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated _____, which is part of the official record of this case.

Date of Mailing: 06/29/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: Jara H. Burton
Deputy Clerk

**Name and Address**

Kenneth Clark Pruitt, at prison

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate