FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAY -5 PM 1: 23

CLERK J. Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH CLARK PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-12 |
| | ) | |
| RICHARD ROUNDTREE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant in this action filed under Title 42, United States Code, Section 1983 has submitted a motion for summary judgment. Doc. 29. Plaintiff, proceeding pro se, filed a response on April 25, 2006. Docs. 37, 38. For the reasons that follow, the Court recommends that defendant's motion for summary judgment be **GRANTED**, that judgment be **ENTERED** in favor of defendant, and that this civil action be **CLOSED**.

**I. BACKGROUND**

Plaintiff, a prisoner at Smith State Prison serving a life sentence for murder, armed robbery, and possession of a firearm during the commission of a crime, alleges in his complaint, *inter alia*, that defendant, an investigator in the Richmond County Sheriff's Office, knowingly offered false information in an affidavit submitted to obtain plaintiff's

arrest warrant. On June 28, 2005, the Court dismissed the claims in plaintiff's complaint other than those relating to defendant's alleged provision of false information.

Plaintiff's allegations concern the circumstances leading to his April 13, 2002, arrest. At three o'clock that morning, defendant reported to the residence at 2949 Jefferson Street, Augusta, Georgia, to investigate an apparent homicide. After examining a deceased body in the residence, defendant returned to his office to question Keisha Wheeler, who was present at the murder scene. Defendant conducted two interviews of Wheeler, the second of which was taped.

Based on Wheeler's statements, defendant prepared an affidavit for plaintiff's arrest warrant.[1] In the affidavit, defendant stated that, according to Wheeler,

> both [suspects] exited the [2949 Jefferson Street] residence and approached the vehicle in which Wheeler was sitting. Wheeler stated that both [suspects] produced handguns and demanded Wheeler to open the vehicle. Both [suspects] got into the vehicle, threaten[ed] to kill Wheeler if she tried to escape and drove off. Wheeler stated that defendant Looper was [in] possession of [the deceased's] cell phone, house keys and pager. Defendant Pruitt stated that he had taken approximately $100.00 from [the deceased]. Wheeler stated that over the next 36 hours, both [suspects] drove her to several unknown secluded locations and raped and sodimized [sic] her. Wheeler stated that when she asked what had happened to [the deceased], the [suspects] stated that they had tied him up and gagged him. Wheeler stated that throughout her captivity, both [suspects] advised that they were going to kill Wheeler [the] same way that they killed [the deceased]. Wheeler stated that the suspect wrecked [the deceased's] vehicle and left it on a dirt road near the Burke County line.

Def. Ex. C.

---

[1] In plaintiff's affidavit submitted in opposition to summary judgment, he makes the unsupported allegation that Wheeler "was under the influence of drugs, manic depressive, had suicidal ideations, a $300 a day crack cocaine habit, [was] on medication, had been previously treated for mental illness, and was being admitted to Ga. Regional Hospital for treatment" when defendant took her statements. Pl. Aff.

2

Defendant obtained plaintiff's arrest warrant and executed it. At plaintiff's trial, Wheeler, in testifying on behalf of the State, recanted parts of her statement to defendant and included information in her testimony not contained in her statement to defendant. Trial Transcript ("Tr.") at 23-27. While plaintiff contends in his complaint that Wheeler "emphatically denied" giving defendant the information contained in the affidavit, he makes no such contention in response to the summary judgment motion and the trial transcript does not show that Wheeler denied providing defendant with the information used to secure plaintiff's arrest.

In his amended complaint, plaintiff contends that the affidavit was incorrect inasmuch as it provided that

> [o]n April 13, 2002, Wheeler stated that both defendants produced handguns and demanded Wheeler to open the vehicle. Both defendants got into the vehicle, threatened to kill Wheeler if she tried to escape and drove off. Wheeler stated when she asked what had happened to [the deceased], the defendants state they had tied him up and gagged him.

Compl. ¶ 1.

In his motion for summary judgment, defendant argues that the information contained in defendant's affidavit was consistent with that provided by Wheeler in her interviews. Alternatively, defendant contends that, even if defendant had intentionally included the alleged false information in the affidavit, sufficient probable cause existed independent of the alleged false information to support the issuance of the arrest warrant.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material

3

fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party meets its burden, the non-moving party must then "demonstrate

---

[2] For purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. ANALYSIS

While a prisoner generally may not bring a Section 1983 claim for damages in a case where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction," Heck v. Humphrey, 512 U.S. 477, 487 (1994), a court may allow claims to proceed that would not necessarily imply the invalidity of a conviction. Claims alleging illegal search and seizure, for example, may be allowed under Section 1983 if the claims do not necessarily imply that the plaintiff's conviction is invalid. Id. at 487 n.7; Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). Thus, plaintiff may obtain relief in this case only to the extent that he can show that his arrest was not based on probable cause, and that he can do so without implying the invalidity of his underlying conviction.

Plaintiff's contention that his arrest was not based on probable cause is predicated on defendant's alleged willful misrepresentations in the arrest warrant affidavit. "[T]he

5

Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen . . . if such false statements were necessary to probable cause." Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir. 1999); Malley v. Briggs, 475 U.S. 335, 344-45 (1986); Whiting v. Traylor, 85 F.3d 581, 585 n.5 (11th Cir. 1996).

Assuming *arguendo* that plaintiff is not prevented by the Heck doctrine from proceeding with this action, he may only obtain relief from defendant if he can show both that defendant willfully misrepresented the statements made by Wheeler in his affidavit and that the alleged misrepresented statements were necessary to a finding of probable cause. He can show neither in this case.

Review of the transcript of Wheeler's interview with defendant reveals that defendant's statements in his affidavit were supported by the information gathered from Wheeler. For example, plaintiff's contention that defendant fabricated Wheeler's statement that plaintiff forced Wheeler to open her car door at gunpoint is belied by the interview transcript, where Wheeler says that plaintiff "pulled that gun and stuck it in my face," demanding that she unlock the car door. Def. Ex. C at 10-11. Similarly, plaintiff's contention that defendant fabricated Wheeler's statements regarding plaintiff's threat to kill her is contradicted by the transcript, wherein Wheeler says that plaintiff told her that if she "made one wrong move [she] was dead." Id. at 15. Finally, the contention that defendant fabricated Wheeler's statement relating to what plaintiff had done with the deceased, that they had "tied him up and gagged him," is also belied by the transcript, where Wheeler relates that plaintiff's co-defendant told her that they had tied up the deceased. Id. at 15, 38-

6

39. While Wheeler's recollection of events was somewhat different at trial, she never indicated in her testimony that defendant had inaccurately represented her statements in his affidavit. Tr. at 23-26.

The Court also finds that, even if defendant had fabricated the disputed statements from Wheeler in his affidavit, probable cause still existed to arrest plaintiff. For example, undisputed allegations in the affidavit include the charge that plaintiff and his accomplice kidnaped, raped, and sodomized Wheeler. Thus, even if plaintiff's allegations in this case were true, probable cause still existed for the arrest.

In his opposition to summary judgment, plaintiff alters his allegations to charge that defendant did not conduct a "proper" investigation before seeking the arrest warrant. The quality of defendant's police work is not relevant, however, to the issue presented in this case: whether defendant knowingly fabricated information on an arrest warrant affidavit. Defendant did not misrepresent Wheeler's statements in his affidavit, and, in any event, probable cause existed to arrest him independent of the disputed statements.

## IV. CONCLUSION

For the reasons stated above, defendant's summary judgment motion should be **GRANTED**. This civil action should accordingly be **CLOSED** and judgment **ENTERED** in favor of defendant.

SO REPORTED and RECOMMENDED this 5th day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE